WECHSLER HARWOOD LLP
Robert I. Harwood (RH-3286)
488 Madison Avenue
New York, New York 10022
Tel: (212) 935-7400

ZWERLING, SCHACHTER & ZWERLING, LLP
Richard A. Speirs (RS-8872)
41 Madison Avenue
New York, New York 10010
Tel: (212) 223-3900

Co-Lead Counsel for Derivative Plaintiff

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ JUL 20 2005 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ X
THOMAS EMMICK, IRA derivatively on
behalf of Nominal Defendant Twinlab Corporation,

                  Plaintiff,

-against-

ROSS BLECHMAN, BRIAN BLECHMAN,
NEIL BLECHMAN, STEVE BLECHMAN,
DEAN BLECHMAN, STEPHEN L. WELLING,
JONATHAN D. SOKOLOFF, JOHN G.
DANHAKL, and WILLIAM U. WESTERFIELD,

                  Defendants,

-and-

TWINLAB CORPORATION,

                  Nominal Defendant.
------------------------------------------------------------------ X

Civil No. 01 4320 (DRH) (ARL)

## ORDER AND FINAL JUDGMENT

WHEREAS, this matter having come before the Court for hearing pursuant to the Scheduling Order (as hereinafter referred) for final approval of the proposed settlement of this action;

WHEREAS, the parties to the above-captioned action (the "Action") entered into a Stipulation of Settlement dated as of June 20, 2005 (the "Stipulation"), and have applied to this Court for final approval of the settlement provided for therein (the "Settlement") pursuant to Rule 23.1 of the Federal Rules of Civil Procedure ("Rule 23.1");

WHEREAS, on June 23, 2005 [DRH] ~~2005,~~ this Court entered a Scheduling Order in connection with Proposed Settlement (the "Scheduling Order");

WHEREAS, the Scheduling Order set a hearing for July 20, 2005, to determine whether;

    (i)    the proposed Settlement should be approved as fair, reasonable and adequate;

    (ii)    final judgment should be entered thereon dismissing the Action with prejudice;

    (iii)    there should be an award of attorneys' fees and reimbursement of expenses to Plaintiffs' counsel;

WHEREAS, the Court further ordered that shareholders of TL Administration Corp. (f/k/a Twinlab Corporation) ("Holdings") be provided notice of the hearing and of their rights with respect thereto;

WHEREAS, the Scheduling Order conditionally certified Thomas Emmick, IRA as an adequate representative with respect to the derivative claims asserted herein on behalf of nominal defendant Holdings; and

WHEREAS, in accordance with the Scheduling Order and the notice described therein, a hearing was held on _July 20_, 2005, and all interested parties were afforded an opportunity to be heard thereat.

NOW, THEREFORE, it has been ORDERED, ADJUDGED AND DECREED pursuant to Rule 23.1 of the Federal Rules of Civil Procedure that:

1. The terms and definitions employed in the Stipulation are incorporated by reference and adopted herein.

2. This Court has jurisdiction over the subject matter of this action and over all parties to this Action.

3. The Settlement of the Action is, in all respects, fair, reasonable and adequate, is in accordance with Rule 23.1 and is in best interests of Holdings and its shareholders and should be approved. Accordingly, the Stipulation is hereby approved and the terms therein incorporated by reference in this Final Judgment.

4. The notice provided for in the Scheduling Order and given to Holdings shareholders constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Rule 23.1.

5. The complaint filed in the Action is hereby dismissed in its entirety with prejudice and without costs to any party other than as set forth in paragraph 4 of the Stipulation.

6. For good and sufficient consideration, upon the Effective Date of the Settlement (as defined in the Stipulation), any and all claims, rights, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, arising out of, related to, connected with, or based in whole or in part on the matters set forth in the Derivative Action, including both known and Unknown Claims, that were, could have been or could be asserted in the Derivative Action or any other forum against any of the Released Parties (as defined in the Stipulation), whether under federal, state, local, statutory or common law or any other law, rule, or regulation, and whether directly or indirectly or derivatively, based upon, arising out of or relating to any acts, facts, transactions, occurrences, representations, or omissions concerning or in any way relating to the allegations of the Derivative Action, are forever compromised, settled, released, discharged and dismissed with prejudice on the terms and conditions set forth in the Stipulation.

7. Upon the Effective Date of the Settlement, each and every shareholder of Holdings, and their respective representatives, trustees, successors and assigns are forever barred and enjoined from asserting, alleging, commencing or continuing, either directly or indirectly or derivatively, any and all Settled Claims (as defined in the Stipulation) against any and all of the Released Parties. Holdings and its respective representatives, trustees, successors and assigns are forever barred and enjoined from asserting, commencing or continuing derivatively, any and all Settled Claims against the Released Parties.

8. Upon the Effective Date of the Settlement, no person or entity may assert or allege any claim, however styled, for indemnification or contribution, based upon,

arising out of, or relating to the acts, facts, or events alleged in the Action, including claims for breach of fiduciary duty, waste, mismanagement, violations of law, money damages or other relief, and claims based upon, arising out of, or relating to this Settlement, against any of the Released Parties, including, but not limited to, Holdings, whether arising under federal, state or common law.

9. Plaintiff's counsel are hereby awarded attorneys' fees, expenses and disbursements in the amount of $250,000 plus accrued interest from the date of the deposit of the amount specified in paragraph 1 of the Settlement Agreement into the Escrow Account, to be paid five (5) days after the Effective Date of the Settlement, from the Escrow Account.

10. This Order of Final Judgment and Dismissal, the Stipulation and Settlement, and any and all negotiations, papers, writings, statements and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as:

a. an admission or concession by any of the Released Parties, including Holdings, of any liability or wrongdoing of any kind; or

b. an admission or concession on the part of the plaintiff that any of the claims asserted in this Action are without merit.

11. There being no just reason for delay, the Clerk is hereby directed to enter this Order and Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. Without affecting the finality of the Final Judgment in any way, this Court hereby retains jurisdiction over all matters relating to the consummation of the Settlement.

13. In the event that the Effective Date of the Settlement does not occur, this Final Judgment shall be rendered null and void and shall be vacated, and all Orders entered and released delivered in connection with the Stipulation and the Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

Date: __July 20__, 2005      _____
                              Denis R. Hurley, U.S.D.J.